UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN LEWIS** | *CIVIL NO. 6:15-0035 |
| **VERSUS** | *JUDGE DOHERTY |
| **REPUBLIC FIRE & CAS. INS. CO.** | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants Crawford & Company ("Crawford") and Keith Brown ("Brown") on January 14, 2015. [rec. doc. 6]. Plaintiff, Karen Lewis ("Lewis"), filed opposition on April 13, 2015. [rec. doc. 18]. Defendants filed a reply on April 17, 2015. [rec. doc. 19]. Oral argument was held on April 22, 2015, after which the undersigned took the motion under advisement.

For the following reasons, it is recommended that the motion be **GRANTED**.

## Background

Lewis owned property located at 3 Larkspur Lane in Lafayette, Louisiana. [Petition, ¶ 2]. Republic Fire & Casualty Insurance Co. ("Republic") provided a homeowner's insurance policy to Lewis for coverage on her residence. [Petition, ¶ 3].

On October 19, 2013, a fire occurred at Lewis' property, causing massive, extensive damages throughout her home, including the contents, drywall, roofing, flooring, appliances, wiring and plumbing. [Petition, ¶ 4]. Following the fire, Lewis reported the damage to her insurer, Republic, and made demand for payment. [Petition, ¶ 6].

After becoming dissatisfied with Republic's adjustment, Lewis invoked the appraisal process under the policy. [Petition, ¶ 6]. She selected licensed appraiser, William Martinez

("Martinez"), as her appraiser.  Republic chose Brown, a Crawford employee, as its appraiser.

Republic's appraiser, Brown, issued an Appraisal Award in the amount of $74,923.10. [Petition, ¶ 7].  Lewis' appraiser, Martinez, informed Brown that a supplemental appraisal award of $39,006.49 was needed to repair the home.  However, Republic, Brown and Crawford denied requests to sign the supplemental appraisal award.  [Petition, ¶¶ 8, 9].

On November 10, 2014, Lewis filed a Petition for Damages in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, against Republic, Crawford and Brown.  Defendants removed the action to this Court on January 7, 2015, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

On January 14, 2015, Crawford and Brown filed the instant Motion to Dismiss on the grounds that Louisiana does not recognize causes of action of this nature against independent adjusters/appraisers.

## Standard for Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555, 127 S.Ct. 1964-65 (citations, quotation marks, and brackets omitted).  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*.

## Analysis

Crawford and Brown filed this Motion to Dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted because Louisiana does not recognize causes of action of this nature against independent adjusters/appraisers.  Specifically, defendants assert that: (1) plaintiff cannot maintain a breach of contract claim against them because plaintiff and defendants were not in privity of contract; (2) plaintiff's statutory penalty claims under LA. REV. STAT. §§ 22:1892 and 22:1973 must fail as the duties therein do not extend to insurance adjusters and (3) plaintiff's negligence claims must fail because no cause of action exists against insurance adjusters in adjusting and handling an insurance claim.

First, defendants asserts that plaintiff's contractual claims cannot stand, because no contractual relationship existed between plaintiff and Crawford and Brown.  Instead, they assert, plaintiff's claims arise as a result of her insurance policy with Republic, to which neither Crawford nor Brown were parties.

Louisiana law defines a contract as an agreement by two or more parties whereby obligations are created, modified, or extinguished. LA. CIVIL CODE art. 1906. The four elements of a valid contract are that: (1) the parties possess the capacity to contract, (2) the parties' mutual consent must be freely given, (3) the contract must have a lawful cause, and (4) there must be a certain object for the contract. LA. CIVIL CODE arts. 1918, 1927, 1966-67, 1971.

In support of their claim that Lewis cannot state a contractual claim against Crawford and Brown, defendants cite *Motin v. Travelers Ins. Co.*, 2003 WL 22533673 (E.D. La. Nov. 4, 2003). There, plaintiffs sued their insurer and adjuster after a house fire, alleging that the defendants breached the insurance contract and engaged in intentional, bad faith claims adjusting in violation of the Louisiana Insurance Code. Defendants argued that the adjuster could not be held liable to plaintiffs under a contractual theory of liability because he never agreed to provide plaintiffs with insurance coverage. The Court, citing LA. CIV. CODE articles 1906, 1918, 1927, 1966-67, 1971 and 3016[1], agreed, holding that because the adjuster never agreed to provide insurance to the plaintiffs and never exceeded his authority to bind his principal, he could not be held liable for any breach of that insurance contract.

Here, the relationship between Lewis and Brown and Crawford is even more attenuated. Brown and Crawford were not Republic's adjusters, but their independent appraisers. Lewis neither alleges that Crawford and Brown agreed to provide insurance coverage or had any other

---

[1] LA. CIV. CODE art. 3016 provides: "A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract."

4

contract with her, nor does she assert that defendants exceeded their authority as Republic's appraisers.

Instead, plaintiff argues that she is a third party beneficiary of the appraisal provision in the insurance contract. Under Louisiana law, a contracting party may stipulate a benefit for a third person, not a party to the contract. LA. CIV. CODE Art. 1978; *Whitney Nat. Bank v. Howard Weil Financial Corp.*, 93-1568 (La. App. 4 Cir. 1/27/94); 631 So.2d 1308, 1310-11. Such a stipulation, generally referred to as a *stipulation pour autrui*, gives the third party beneficiary the right to demand performance from the promisor. *Id*. (*citing* LA. CIV. CODE Art. 1981).

Three criteria exist for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 2005-2364 (La. 10/15/06), 939 So.2d 1206, 1212. The most basic requirement of a *stipulation pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. *Id*.

Here, no appraisal "contract" exists in this case. Instead, the appraisal provision is merely a condition of the insurance policy between Republic and Lewis, to which Crawford and Brown are not parties.[2] Clearly, there is no benefit intended here for Crawford and Brown.

---

[2] The appraisal provision cited by plaintiff is as follows: "6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 30 days after receiving a written request from the

5

Rather, Lewis apparently seeks to extend the law of third party beneficiary contracts where no prior case has gone. There is no indication, none whatsoever, how any contract between Crawford and Brown and Republic intended to benefit Lewis. Thus, this argument lacks merit.

Next, defendants argue that plaintiff's statutory penalty claims under LA. REV. STAT. §§ 22:1892 and 22:1973 must fail as the duties therein do not extend to insurance adjusters and other third parties who assist insurers in the processing and handling of insurance claims, including appraisers. The undersigned agrees.

LA. REV. STAT. §22:1892 provides, in pertinent part, as follows:

> A. (1) All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.

LA. REV. STAT. § 22:1973 provides, in pertinent part, as follows:

> A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

These statutes impose duties on insurers. Neither of these statutes provide a remedy against an insurance adjustor. *Motin*, 2003 WL 22533673, at *4; *Nero v. La. Indep. Ins. Agencies, Inc.*, 2003 WL 203145, at *2 (E.D. La. Jan. 27, 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, at *4 (E.D. La. Feb.12, 1998). Further, because these statutes are

---

other. The two appraisers will choose an umpire. If they cannot agree on an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "Residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. [rec. doc. 18, p. 2].

penal in nature, they must be strictly construed. *Yates*, at *4 (*citing Matter of Hanover Corp.*, 67 F.3d 70, 73 (5th Cir.1995)). Accordingly, neither of these statutes would provide a remedy against an independent appraiser or its employee. Thus, this claim must be dismissed.

Finally, defendants argue that plaintiff's negligence claims must fail because no cause of action exists against insurance adjusters in adjusting and handling an insurance claim.

Under Louisiana law, the duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under LA. CIV. CODE art. 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So.2d 627, 632-33. This requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). *Id*. at 633.

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (*citing Meany v. Meany*, 94-0251, p. 6 (La.7/5/94), 639 So.2d 229, 233)). Whether a duty is owed is a question of law. *Lemmon*, 923 So.2d at 633 (*citing Peterson v. Gibraltar Savings and Loan*, 98-1601, 98-1609, p. 7 (La. 5/18/99); 733 So.2d 1198, 1204).

It is well settled in Louisiana law that a claims adjuster, as the disclosed agent of another, has no duty to the insured. *RDS, Inc. v. Gab Robins North America, Inc.*, 2005 WL 2045956, at *3 (W.D. La. Aug. 23, 2005) (*citing* LA. CIVIL CODE art. 3016). Furthermore

7

and more specifically, Louisiana courts have consistently held that no cause of action lies in tort against an insurance adjuster. *McKee v. Hanover Ins. Co.*, 2007 WL 837247, at *2 (W.D. La. Mar. 15, 2007); *Pacific Employers Ins. Co. v. United Gen. Ins. Co.*, 664 F. Supp. 1022, 1024 (W.D. La. 1987) (Louisiana courts have consistently held that an adjuster owes no implied duty of good faith to an insured when not a party to the contract of insurance.); *Westmoreland v. Wright Nat. Flood*, 2014 WL 1343387, at *2 (M.D. La. April 3, 2014). The duty of the adjuster is to the insurer who contracted with him. *Pacific Employers*, 664 F.Supp. at 1024.

Lewis alleges that Crawford and Brown, who were the insurance appraisers hired by Republic, were negligent in appraising her property and that the appraisal was based on improper facts. As stated above, an insurance adjuster does not owe an independent tort duty to the insured. *Cagle v. Hanover American Ins. Co.*, 2011 WL 2020241, at *2 (W.D. La. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 2037641 (W.D. La. May 24, 2011) (*citing Motin*, 2003 WL 22533673). The undersigned has found no case which casts an adjuster in judgment, nor has plaintiff directed the Court to one.

Lewis argues that the jurisprudence is distinguishable because defendants were acting as appraisers, rather than adjusters. However, Louisiana courts and federal courts applying Louisiana state law have recognized that independently hired investigators or appraisers are analogous to adjusters for tort claim purposes. *Prewitt v. Allstate Ins. Co.*, 2007 WL 3251310, at *3 (W. D. La. Sept. 12, 2007) (fire inspector's "legal position is analogous to that of an insurance adjustor"); *Thomas v. Livingston Parish Sheriff's Office*, 2004-1822 (La. App. 1 Cir. 9/23/05); 923 So.2d 662, 667-68 (plaintiff had no valid negligence claim against appraiser

8

hired by Sheriff's Office on behalf of the seizing creditor); *see also Audler*, 519 F.3d at 254 (company hired by mortgage lender to prove flood zone determinations owed no duty to property owner). Thus, this argument lacks merit.

The undersigned recognizes that under some circumstances, it might be shown that the adjuster has undertaken such a duty to the claimant. *Shaw v. ASI Lloyds Inc.*, 2013 WL 1084219, at *2 (W.D. La. March 14, 2013) (Haik, J.) (*citing Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696, 699 (La. App. 5th Cir.1989)). In determining whether those circumstances are present, the courts will look to the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, and whether there were misrepresentations or fraud. Examples include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises, misrepresentation, or fraud. *Id*. However, plaintiff has not pled any such facts sufficient to establish that Crawford or Brown undertook such duty. Thus, this theory is inapplicable.

## CONCLUSION

For the reasons stated herein, it is recommended that the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants Crawford & Company and Keith Brown [rec. doc. 6] be **GRANTED**, and that all claims asserts by plaintiff against Crawford & Company and Keith Brown be **DISMISSED WITH PREJUDICE**. The claims against Republic Fire & Casualty Insurance Company will remain.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed May 6, 2015, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE