UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN LEWIS** | ***CIVIL NO. 6:15-0035** |
| **VERSUS** | ***JUDGE DOHERTY** |
| **REPUBLIC FIRE & CAS. INS. CO.** | ***MAGISTRATE JUDGE WHITEHURST** |

RULING ON MOTION FOR EXPERT FEES

Pending before the undersigned is the Motion to Set the Fee of Republic Fire and Casualty Insurance Company's ("Republic") Experts at an Amount that Does not Exceed $150.00 per hour filed by plaintiff, Karen Lewis ("Lewis"), on May 3, 2016 [rec. doc. 76]. Republic filed opposition on May 11, 2016. [rec. doc. 78].

For the following reasons, the motion is **DENIED**.

Analysis

Lewis seeks to set the fees of Republic's experts, Louis G. Fey and William Charles "Chunky" Folks at the rate of $150.00 per hour.

The Scheduling Order reflects that the expert deposition deadline is Monday, May 16, 2016. [rec. doc. 23]. Accordingly to Republic's counsel, plaintiff has not yet scheduled these depositions. Thus, this motion would be rendered moot.

In any event, the undersigned finds that Lewis has not shown that a reduction in these experts' rates is warranted. To determine whether a fee request is reasonable, courts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged

by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26. *Borel v. Chevron U.S.A. Inc*., 265 F.R.D. 275, 276 (E.D. La. 2010).

The undersigned has reviewed these factors and determined that based on Mr. Fey's curriculum vitae and Mr. Folk's resume, Republic's experts are well-qualified and Lewis has not shown good reason for limiting their fees. Instead, it appears to the undersigned that Lewis's motion to limit these experts' fees was filed in response to the ruling on Republic's Motion to Compel and for Contempt Against Nader Anthony Odeh and Claims Consulting & Contracting, LLS [rec. doc. 61], in which this Court set Mr. Odeh's fee at $150 per hour and ordered that his deposition be taken at the federal courthouse in New Orleans. [rec. doc. 73]. Regardless of whether this was the true motivation, the undersigned finds that Messrs. Fey and Folks' fees are reasonable.[1]

Accordingly, Motion to Set the Fee of Republic Experts [rec. doc. 76] is **DENIED**.

Signed May 13, 2016, at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Republic's counsel also noted in his brief that clients of plaintiff's proferred expert have paid Mr. Folks approximately $350 per hour as an umpire in appraisals in which plaintiff's proffered expert participates. [rec. doc. 78, p. 2]. This is even more reason to support the fees charged by Folks in this case.